Guo Bing WANG, a/k/a Guo Bing Ong, a/k/a Ashwin Jain, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE UNITED STATES of America, Respondent.

Docket No. 03–40648–AG.

United States Court of Appeals, Second Circuit.

Oct. 18, 2005.

Bruno Joseph Bembi, New York, NY, for Petitioner.

Sidney P. Alexander, Assistant United States Attorney, Memphis, TN, for Respondent.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED AND DECREED** that the BIA's decision is **AFFIRMED.**

Guo Bing Wang petitions for review of the BIA's decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

"The Attorney General may grant asylum to an alien who has applied for asylum . . . if the Attorney General determines that such alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A)." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who is unable or unwilling to return to his native country because of "persecution or a well-founded fear of persecution on account of [*inter alia*] . . . political opinion." 8 U.S.C. § 1101(a)(42)(A). If an applicant establishes that he has suffered past persecution, "he shall be presumed to have a well-founded fear of future persecution on the basis of the same claim." *Chen v. INS*, 359 F.3d 121, 126–27 (2d Cir.2004). The presumption may be rebutted by a showing that the conditions in the applicant's country have changed, such that the danger no longer exists. *Id.* at 127. With respect to future persecution, the alien must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The Attorney General must grant withholding of removal where it is more likely than not that a petitioner's life or freedom would be threatened based on his political opinion. *Id.*

There was substantial evidence, based on the testimony before the IJ and the documents submitted at the hearing, to support the IJ's credibility determination and denial of asylum and withholding of removal, and the BIA did not err in affirming the IJ's adverse credibility finding. *See Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) ("When reviewing a denial of an application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by substantial evidence" (internal quotation marks omitted)); *Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (per curiam) (an applicant who fails to establish eligibility for asylum "is necessarily unable to establish his eligibility for withholding of removal").

Under the CAT, an applicant must prove it is "more likely than not" he will be tortured if removed the proposed country.

*See* 8 C.F.R. § 208.16(c)(2). Wang's CAT claim fails as he did not establish that he will likely be tortured upon his return to China.

In his brief to the BIA, Wang did not exhaust the remaining contentions he raises in this Court, and, thus, those claims will not be considered. *See* 8 U.S.C. § 1252(d)(1) (this Court may not review claims that were not raised before the BIA); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (*per curiam*).

For the foregoing reasons, the petition for review is DENIED.